**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:19-CR- |
| | § | 00257-ALM-AGD-3 |
| WILLIAM BRANDLEY MILLER | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant William Brandley Miller's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on February 26, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto of the Federal Public Defender's Office. The Government was represented by Wes Wynne.

Defendant was sentenced on February 13, 2024, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with the Intent to Distribute Heroin, a Class A felony. This offense carried a statutory minimum term of 10 years imprisonment and a maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of III, was 60 to 71 months (5-year minimum). Pursuant to a binding plea agreement for a variance accepted by the Court, Defendant was subsequently sentenced above the guideline range to 87 months imprisonment followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; alcohol abstinence; substance abuse testing and treatment; and a $100 special assessment. On June 23, 2025, Defendant completed his period of imprisonment and began service of the supervision term.

On January 6, 2026, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #231, Sealed). The Petition asserts that Defendant violated four (4) conditions of supervision, as follows: (1) (mandatory) Defendant must refrain from any unlawful use of a controlled substance; (2) (special) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing; (3) (standard) Defendant must follow the instructions of the probation officer related to the conditions of supervision; and (4) (standard) After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when he must report to the probation officer, and he must report to the probation officer as instructed (Dkt. #231, at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On December 12, 2025, Defendant submitted a positive urine specimen for methamphetamine and marijuana at his residence during a home visit. He signed a written admission form admitting to using marijuana. The results were confirmed positive for both substances by the national lab. On June 30, 2025, Defendant submitted a positive urine specimen for methamphetamine at the U.S. Probation Office. The results were confirmed positive by the national lab; (2) On December 14 and 29, 2025, November 7 and 22, 2025, Defendant failed to submit a urine specimen, as directed, at McCary Counseling Services, Denton, Texas as part of the random drug testing program. Also, on November 25, 2025, and December 8, 10, and 11, 2025, Defendant failed to submit a urine specimen as directed at the U.S. Probation Office. On September 19, 2025, during a home visit, Defendant was instructed to commence weekly group counseling and individual monthly

substance abuse counseling with McCary Counseling Services, Denton, Texas. On December 9 and 30, 2025, October 14, 2025, and September 23 and 30, 2025, Defendant failed to report for substance abuse treatment as directed at McCary Counseling Services, Denton, Texas; (3) and (4) On December 30, 2025, the probation officer instructed Defendant to report to the U.S. Probation Office for an office visit on January 5, 2026, 1:00 p.m. Defendant agreed to report. However, Defendant failed to report to the U.S. Probation Office as instructed (Dkt. #231 at pp. 1-2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, the Government moved to dismiss allegations (3) and (4). Defendant entered a plea of true to allegations (1) and (2) of the Petition. Having considered the Petition and the plea of true to allegations (1) and (2), the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court (Dkt. #242).

### RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of eight (8) months, with a three (3) year term of supervised release to follow. All prior conditions imposed in the original judgment shall be reimposed.

The court recommends that the Government's motion to dismiss allegations (3) and (4) should be granted.

The court also recommends that Defendant be housed in a Bureau of Prisons facility in Fort Worth, Texas, if appropriate.

**SIGNED this 23rd day of March, 2026.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE